UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI

IN RE: KAREN J. ROBERTSON                                    CASE NO. 08-13590-DWH

OPINION

On consideration before the court is the objection of the debtor, Karen J. Robertson, to the proof of claim filed by the Mississippi Department of Employment Security, ("MDES"), as well as, the objection of MDES to the confirmation of the debtor's Chapter 13 plan; and the court, having heard and considered same, hereby finds as follows, to-wit:

I.

The court has jurisdiction of the parties to and the subject matter of these proceedings pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157. These are core proceedings as defined in 28 U.S.C. §157(b)(2)(A), (B), (L), and (O).

II.

The debtor filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code on September 8, 2008. MDES filed a proof of claim in the amount of $1,071.20 on September 24, 2008, asserting that it held an unavoidable statutory lien which should be treated as a secured claim.

MDES' claim is based on an overpayment of unemployment benefits in the total amount of $1,071.20, which includes interest and penalties. The debtor previously applied for unemployment compensation and was awarded benefits at the rate of $210.00 per week. As a condition to receive these benefits, she was obligated to "certify" to MDES each week whether

she had earned wages during the previous week. Because she failed to report her earnings, she received an overpayment in the principle amount of $1,040.00. By statute, MDES is allowed to recoup overpayments pursuant to Miss. Code Ann. §71-5-19(4) and §§71-5-362 through 71-5-383. In furtherance of its collection efforts, MDES enrolled its warrant in the Panola County Judgment Roll pursuant to Miss. Code Ann. §§71-5-513(a)(2), 71-5-367, 71-5-379, and 71-5-383.

The debtor's claim objection and MDES' objection to confirmation came on for hearing on March 19, 2009. The parties agreed that MDES held a statutory lien which could not be avoided. The only issue remaining was whether MDES' lien attached to the debtor's exempt property.

### III.

This court previously concluded in *In re Stewart*, Case No. 08-13320-DWH, that MDES held an unavoidable statutory lien for the overpayment of unemployment benefits which must be treated as a secured claim pursuant to Miss. Code Ann. §71-5-19 and §§71-5-362 through 71-5-383. The specific statute which this court is called upon to interpret in the current proceeding is Miss. Code Ann. §85-3-47 which provides as follows:

> Property shall not be exempt from execution when the purchase-money thereof forms, in whole or in part, the debt on which the judgment is founded; but if the judgment be not in whole for purchase-money, and the execution be levied on property exempt but for the provisions hereof, and the exemptionist pay or tender the amount of purchase money included in the judgment before sale, the property shall be released; <u>nor shall any property be exempt from sale for non-payment of taxes or assessments</u> or for any labor done thereon, or materials furnished therefor, or when the judgment is for labor performed or upon a forfeited recognizance or bail bond. (Emphasis added.)

As a result of this statute, the issue narrows as to whether the warrant enrolled by MDES in the Panola County judgment rolls is an "assessment." Counsel for the debtor and MDES were granted ten days from the date of the hearing to submit relevant authorities to the court. MDES submitted its brief within the allowed time frame, but the debtor elected not to do so.

At the hearing, the debtor's attorney cited cases that allegedly supported the debtor's position that MDES' statutory lien did not attach to exempt property. The court has reviewed those cases and concludes that they are not applicable to the facts of this proceeding. The cases address an employer's contributions to the unemployment compensation fund established by Miss. Code Ann. §71-5-41, and not an overpayment of unemployment benefits. *See, Mississippi Department of Employment Security v. Product Connections, LLC*, 963 So.2d 1185 (Miss. 2007); and *Mozingo v. Mississippi Employment Security Commission*, 80 So.2d 75 (Miss. 1955). They provide no assistance concerning the definition of "assessment" as it appears in Miss. Code Ann. §85-3-47.

Black's Law Dictionary, 7th Edition, defines "assessment" as the "determination of the rate or amount of something, such as a tax or damages." Considering this definition, the court is of the opinion that the amount of the overpayment to the debtor constitutes an assessment made by MDES under the statute. Therefore, in keeping with Miss. Code Ann. §85-3-47, the statutory lien in favor of MDES attaches to the debtor's exempt property.

A separate order will be entered consistent with this opinion.

This the 22nd day of May, 2009.

                                              DAVID W. HOUSTON, III
                                              UNITED STATES BANKRUPTCY JUDGE